MENNEMEIER, GLASSMAN & STROUD LLP
KENNETH C. MENNEMEIER (SBN 113973)
LANDON D. BAILEY (SBN 240236)
980 9th Street, Suite 1700
Sacramento, CA 95814
Telephone:     (916) 553-4000
Facsimile:     (916) 553-4011
E-mail:kcm@mgslaw.com

Attorneys for Defendants
Clinton C. Myers, Clinton C. Myers, as the Trustee of
the Clinton Charles Myers Revocable Trust Dated 03/07/89,
Myers Homes of California, and Myers Homes, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WACHOVIA BANK, NATIONAL ASSOCIATION, | ) ) | CASE NO: 2:07-CV-02612 JAM KJM |
| Plaintiff, | ) ) ) | **STIPULATION REGARDING MODIFICATION OF STATUS ORDER, LIMITED DISCOVERY EXTENSION, AND** |
| v. | ) ) ) | **ADDITIONAL TIME TO AMEND PLEADINGS TO CONFORM TO RECENT** |
| WINCHESTER PROPERTIES, LLC, a Delaware Limited Liability Company; WINCHESTER COUNTRY CLUB, LLC, a California Limited Liability Company; CLINTON C. MYERS; CLINTON C. MYERS, as the Trustee of the CLINTON CHARLES MYERS REVOCABLE TRUST Dated 03/07/89; MYERS HOMES OF CALIFORNIA, LLC, a Nevada Limited Liability Company; MYERS HOMES, INC., a California Corporation; SECURITY SAVINGS BANK; a Nevada State Bank and DOES 1 through 200, inclusive, Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **FACTUAL DEVELOPMENTS;  ORDER**<br><br>Complaint Filed: December 5, 2007<br>Honorable John A. Mendez<br><br>Trial Date:     December 8, 2008 |

WCCO\44993\743517.2

PDF created with pdfFactory trial version www.pdffactory.com

Plaintiff Wachovia Bank, National Association ("Wachovia"), defendants Winchester Properties, LLC, Winchester Country Club, LLC, ("Borrower Defendants"), Clinton C. Myers, Clinton C. Myers as the Trustee of the Clinton Charles Myers Revocable Trust Dated 03/07/89, Myers Homes of California, LLC, Myers Homes, Inc. ("Guarantor Defendants"), and Security Savings Bank ("SSB") (all collectively, "Defendants"), the parties herein (collectively, the "Parties"), by and through their respective counsel, hereby enter into this "Stipulation Regarding Limited Discovery Extension and Amendment of Pleadings" with reference to the following:

## RECITALS

A.      This action relates to a loan that certain defendants received from Wachovia, which loan was secured by certain real estate (the "Real Property Security").

B.      On December 5, 2007, Wachovia filed a complaint against Defendants, asserting claims for judicial foreclosure of the deeds of trust, specific performance of assignments of rents and appointment of receiver, injunctive relief, and breach of written guaranty.  SSB was named by Wachovia as a junior lien holder.

C.      Based on facts set forth in the Parties' Joint Status Report, on May 6, 2008 the Court entered a Status (Pre-Trial Scheduling) Order ("Status Order") setting certain time limits concerning disclosure of experts, amended pleadings, parties, and close of discovery. August 4 was one such date.

D.      Separate from this action, Wachovia initiated non-judicial foreclosure proceedings.  Those proceedings culminated in two "Trustee's Sales" on May 21, 2008, at which Winchester REO, LLC, as assignee of lenders for whom Wachovia serves as agent, acquired the Real Property Security through two opening credit bids totaling $25 million, which were partial credit bids of the unpaid debt.

PDF created with pdfFactory trial version www.pdffactory.com

E.                    The Parties agree that the non-judicial foreclosure moots certain claims in

Wachovia's complaint, including particularly the claim for judicial foreclosure, and that other

claims are likely to be affected, particularly after a receiver is discharged.

F.                    On May 7, 2008, by stipulation of the Parties, the Court entered an order

appointing Douglas Wilson as Receiver over a portion of the Real Property Security then owned

by  Winchester Country Club LLC, primarily comprised of a golf course and clubhouse.  The

Receiver has, since May 21, 2008, been involved with various complex and ongoing transition

issues as described when the Receiver filed its Initial Report with the Court in July.  The

Receiver has not yet submitted a final accounting report nor been discharged by the Court.

Borrower Defendants wish to be dismissed as parties but also wish to retain the opportunity to

review and comment upon the final accounting report prior to the Receiver's discharge.

G.                    On June 27, 2008, Wachovia served certain written discovery on

Guarantor Defendants such that objections and responses are due on July 31, 2008.

H.                    On July 21-22, 2008, Wachovia took the depositions of (1) Linda Clifford,

(2) Clinton C. Myers, and (3) Clinton W. Myers.  In those depositions, testimony was given

regarding various subjects, including among others allegations about opening credit bid amounts.

I.                    Wachovia wishes to amend its complaint to adjust for events that have

occurred since it filed its original complaint.  For example, Wachovia intends to dismiss its claim

for judicial foreclosure and to make other changes that derive from the non-judicial foreclosure,

including, upon stipulation or motion and Court approval of discharge of the receiver, likely

dismissal of related causes of action in support of the receivership which by stipulation or

discharge should become unnecessary soon.  The anticipated primary claim in the amended

PDF created with pdfFactory trial version www.pdffactory.com

pleading is expected to be a modified version of the current fifth cause of action for breach of the Guaranty against four Guarantor Defendants.

J.                    The Parties have discussed and are continuing to discuss appropriate stipulations to provide for dismissal of certain claims and parties voluntarily under Rule 41(a), and for discharge of the Receiver subject to the final accounting and court approval under Rules 41 and 66.  Plaintiff has circulated an initial draft proposed Amended Complaint which requires further discussion and is complicated by still-pending receivership issues.  The Parties expect to reach accord, but if for any reason the Parties cannot reach accord, Wachovia wishes to file a motion for court approval to amend the pleadings, dismiss certain parties, and resolve any disputed terms in connection therewith.

K.                    As a result of recent deposition testimony, Guarantor Defendants wish to amend their answer in order to assert three additional defenses, concerning: (1) possible opening partial credit bid information and its effect, if any, upon the prices obtained at the two nonjudicial foreclosure sales; (2) possible guarantor defenses based on California CCP § 580a; and (3) whether Wachovia should have agreed to alter release terms for certain lots, all as related to events that have occurred since Guarantor Defendants filed their original Answer.

L.                    Guarantor Defendants also wish to conduct additional discovery, limited in scope to circumstances relating to the opening partial credit bids made at the Trustee's Sales. Wachovia and other parties do not seek further discovery but have no objection to such limited discovery so long as they are entitled to follow up if developing information requires.

## STIPULATION

In light of the foregoing Recitals, the Parties request that the Court approve modification of the Status Order and the Parties stipulate and agree as follows:

PDF created with pdfFactory trial version www.pdffactory.com

1.                The due date for Grantor Defendants Clinton C. Myers, Clinton C. Myers as the Trustee of the Clinton Charles Myers Revocable Trust Dated 03/07/89, Myers Homes of California, LLC, and Myers Homes, Inc. to respond to (a) Plaintiff's Request for Admissions, Set One, (b) Plaintiff's Interrogatories, Set One, and (c) Plaintiff's Request for Production of Documents, Set One, shall be extended from July 31, 2008, to August 7, 2008; and said extension shall be without prejudice to Wachovia's right to bring any motion relating to those discovery responses.

2.                The discovery cutoff shall be extended to October 3, 2008, for the limited purposes of (a) Permitting the extension set forth in the preceding paragraph; (b) Permitting Guarantor Defendants to conduct discovery concerning: (i) The amount of Wachovia's opening credit bids; (ii) Whether and to what extent Wachovia made representations, if any, to third parties concerning the anticipated amount of its opening credit bids prior to the trustee's sale; (iii) The nature and substance of any such representations, and (iv) Permitting Wachovia to participate in said discovery and follow up with additional discovery related to opening credit bid issues, if any appear.

3.                The present discovery cutoff of August 4, 2008, will remain in effect for all other purposes.

4.                Wachovia shall have until August 19, 2008, to file either (a) its Amended Complaint together with a Stipulation indicating the Parties have agreed to allow Wachovia leave to amend, or (b) to file with the Court a motion for leave to amend (if the Parties do not stipulate to leave to amend), which motion may be heard at a date convenient to the Court's calendar thereafter;

PDF created with pdfFactory trial version www.pdffactory.com

5.            Defendants shall have twenty (20) days from the filing of any Amended Complaint to file a responsive pleading and, without further leave, may add the three defenses referenced in paragraph K (1) – (3) above.

6.            Wachovia and Guarantor Defendants shall comply with initial expert disclosures as required under the existing Status Order, on August 4.  However, as to the Borrower Defendants and SSB, to avoid undue expense given prospects of voluntary dismissal by plaintiff, their rights to disclose experts shall be extended until August 19, 2008.

Dated: July 31, 2008                    MENNEMEIER, GLASSMAN & STROUD LLP
                                        KENNETH C. MENNEMEIER
                                        LANDON D. BAILEY

                    By:    _____
                                        Kenneth C. Mennemeier, Attorneys for Defendants
                                        Clinton C. Myers, Clinton C. Myers, as the Trustee
                                        of the Clinton Charles Myers Revocable Trust
                                        Dated 03/07/89, Myers Homes of California, and
                                        Myers Homes, Inc.


                                        MILLER STARR REGALIA

                    By:    _____
                                        Mark A. Cameron, Attorneys for Plaintiff Wachovia
                                        Bank, National Association


                                        HOWARD RICE NEMEROVSKI CANADY
                                        FALK & RABKIN, A Professional Corporation

                    By:    _____
                                        Gary M. Kaplan, Attorneys for Defendants
                                        Winchester Properties, LLC and Winchester
                                        Country Club, LLC

                                        FULBRIGHT & JAWORSKI LLP

                    By:    _____
                                        Robert W. Fischer, Attorneys for Defendant
                                        Security Savings Bank

PDF created with pdfFactory trial version www.pdffactory.com

## ORDER

Pursuant to the Parties' request and stipulation, and good cause appearing therefore, the Court hereby accepts the Parties' Stipulation above, so modifies the Joint (Pre-trial Scheduling) Order dated May 6, 2008, and hereby orders the Parties to comply with this order and the Standing Order as so modified.

IT IS SO ORDERED

Dated:  August 1, 2008

/s/ John A. Mendez_____

HON. JOHN A. MENDEZ

UNITED STATES DISTRICT JUDGE

STIPULATION RE: LIMITED DISCOVERY EXTENSION AND AMENDMENT OF PLEADINGS
NO: 2:07-CV-02612 JAM KJM

PDF created with pdfFactory trial version www.pdffactory.com