**AT-120**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Mark A. Cameron (Bar No. 100449)<br>MILLER STARR REGALIA<br>1331 N. California Blvd., Fifth Floor<br>P.O. Box 8177<br>Walnut Creek, CA 94596<br>TELEPHONE NO.: (925) 935-9400   FAX NO.: (925) 933-4126<br>ATTORNEY FOR *(Name)*: WACHOVIA BANK, N.A. | |

NAME OF COURT: United States District Court
STREET ADDRESS: 501 "I" Street
MAILING ADDRESS:
CITY AND ZIP CODE: Sacramento, CA 95814
BRANCH NAME: Eastern District

PLAINTIFF: WACHOVIA BANK, N.A.

DEFENDANT: WINCHESTER PROPERTIES, LLC, a Delaware Limited Partnership

| [X] | **RIGHT TO ATTACH ORDER AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT AFTER HEARING** | CASE NUMBER: |
|---|---|---|
| [ ] | **ORDER FOR ISSUANCE OF ADDITIONAL WRIT OF ATTACHMENT AFTER HEARING** | 2:07-CV-02612-JAM-KJM |

1. a. The application of plaintiff *(name)*: WACHOVIA BANK, N.A. (agent for Winchester REO, LLC)
   for [X] a right to attach order and order for issuance of writ of attachment
       [ ] an order for issuance of additional writ of attachment
   against the property of defendant *(name)*: CLINTON C. MYERS, an individual
   came on for hearing as follows:
   (1) Judge *(name)*: John A. Mendez            Submitted pursuant to E.D. Cal. L.R. 78-230(h).
   (2) Hearing date:      Time:       [ ] Dept.:     [ ] Div.:      [ ] Rm.:
   b. The following persons were present at the hearing:
   (1) [ ] Plaintiff *(name)*: WACHOVIA BANK, N.A.   (3) [ ] Plaintiff's attorney *(name)*: Mark A. Cameron
   (2) [ ] Defendant *(name)*: CLINTON C. MYERS, an individual   (4) [ ] Defendant's attorney *(name)*: Ken Mennemeier

2. **THE COURT FINDS**      **FINDINGS**
   a. Defendant *(specify name)*: CLINTON C. MYERS, an individual    is a [X] natural person  [ ] partnership
      [ ] unincorporated association    [ ] corporation    [ ] other *(specify)*:
   b. The claim upon which the application is based is one upon which an attachment may be issued.
   c. Plaintiff has established the probable validity of the claim upon which the attachment is based.
   d. The attachment is not sought for a purpose other than the recovery on the claim upon which the attachment is based.
   e. The amount to be secured by the attachment is greater than zero.
   f. [X] Defendant failed to prove that all the property described in plaintiff's application is exempt from attachment.
   g. [X] The following property of defendant, described in plaintiff's application
       (1) [X] is exempt from attachment *(specify)*: Mr. Myers' 401(k) account; Mr. Myers' homestead interest in his personal residence (1957 Rockwood); first $1000 in deposit accounts; & Mr. Myers' earnings
       (2) [X] is not exempt from attachment *(specify)*: All other assets listed in Exhibits A and B attached hereto.
   h. [ ] The following property, not described in plaintiff's application, claimed by defendant to be exempt
       (1) [ ] is exempt from attachment *(specify)*:
       (2) [ ] is not exempt from attachment *(specify)*:
   i. [X] An undertaking in the amount of: $ 10,000.00       is required before a writ shall issue, and plaintiff
          [ ] has  [X] has not   filed an undertaking in that amount.
   j. A Right to Attach Order was issued on *(date)*:              pursuant to
      [X] Code of Civil Procedure section 484.090 (on hearing)  [ ] Code of Civil Procedure section 485.220 (ex parte)
   k. [ ] Other *(specify)*:

(Continued on reverse)

Form Approved for Optional Use<br>Judicial Council of California<br>AT-120 [Rev. January 1, 2000]

**RIGHT TO ATTACH ORDER AFTER HEARING AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT (Attachment)**

Legal Solutions Plus   Code of Civil Procedure, §§ 482.030, 484.090

EXHIBIT B-1

| SHORT TITLE: WACHOVIA BANK, N.A. v. WINCHESTER PROPERTIES, LLC, a Delaware Limited Liability Company, et al. | CASE NUMBER: 2:07-CV-02612-JAM-KJM |
|---|---|

## ORDER

3. THE COURT ORDERS
   a. Plaintiff has a right to attach property of defendant *(name)*: CLINTON C. MYERS, an individual

   in the amount of: $ 40,000,000.00
   b. [ ] The property described in items 2g(1) and 2h(1) of the findings is exempt and shall not be attached.
   c. The clerk shall issue [X] a writ of attachment  [ ] an additional writ of attachment  in the amount stated in item 3a
      [ ] forthwith  [X] upon the filing of an undertaking in the amount of: $ 10,000.00
      (1) [ ] for any property of a defendant who is not a natural person for which a method of levy is provided.
      (2) [X] for the property of a defendant who is a natural person that is subject to attachment under Code of Civil Procedure section 487.010, described as follows *(specify)*: See Exhibit B attached

      (3) [ ] for the property covered by a bulk sales notice with respect to a bulk transfer by defendant or the proceeds of sale of such property, described as follows *(specify)*:

      (4) [ ] for plaintiff's pro rata share of proceeds from an escrow in which defendant's liquor license is sold. The license number is *(specify)*:

   d. [X] Defendant shall transfer to the levying officer possession of
      (1) [X] any documentary evidence in defendant's possession of title to any property described in item 3c;
      (2) [ ] any documentary evidence in defendant's possession of debt owed to defendant described in item 3c;
      (3) [ ] the following property in defendant's possession *(specify)*:

   **NOTICE TO DEFENDANT: FAILURE TO COMPLY WITH THIS ORDER MAY SUBJECT YOU TO ARREST AND PUNISHMENT FOR CONTEMPT OF COURT.**

   e. [ ] Other *(specify)*:

   f. Total number of boxes checked in item 3: 5

Date: 8-7-08

John A. Mendez
(TYPE OR PRINT NAME)                          ▶ [signature]
                                              (SIGNATURE OF JUDGE OR COMMISSIONER)

AT-120 [Rev. January 1, 2000]      **RIGHT TO ATTACH ORDER AFTER HEARING AND ORDER**      Page two
                                   **FOR ISSUANCE OF WRIT OF ATTACHMENT (Attachment)**

## EXHIBIT B
### (List of Assets)

Without limiting or restricting the property subject of the Right to Attach Order and Writ of Attachment as described in Exhibit A above, plaintiff identifies below certain specific property intended to be attached, as follows:

A. The capital stock of C.C. Myers, Inc. and any distributions to owners or proceeds from any sale thereof. Such property includes any and all equity interests and other interests which defendant has or may become entitled to as a result of any ownership interest in said entity, and any property, distributions, or monies coming due defendant through its interests in said entity, whether by reason of sale of any real or personal property or other items of value, including but not limited to shares of stock, intangible interests, or licenses of any sort whatever.

B. Any members' interests held in Myers Homes of California, LLC and any distributions to owners or proceeds from any sale thereof. Such property includes any and all equity interests and other interests which defendant has or may become entitled to as a result of any ownership interest in said entity, and any property, distributions, or monies coming due defendant through its interests in said entity, whether by reason of sale of any real or personal property or other items of value, including but not limited to intangible interests or licenses of any sort whatever.

C. The capital stock of Myers Homes, Inc. and any distributions to owners or proceeds from any sale thereof. Such property includes any and all equity interests and other interests which defendant has or may become entitled to as a result of any ownership interest in said entity, and any property, distributions, or monies coming due defendant through its interests in said entity, whether by reason of sale of any real or personal property or other items of value, including but not limited to shares of stock, intangible interests, or licenses of any sort whatever.

D. Any members' interests held in Winchester Country Club, LLC, and any distributions to owners or proceeds from any sale thereof. Such property includes any and all equity interests and other interests which defendant has or may become entitled to as a result of any ownership interest in said entity, and any property, distributions, or monies coming due defendant through its interests in said entity, whether by reason of sale of any real or personal property or other items of value, including but not limited to intangible interests or licenses of any sort whatever.

E. Any members' interests held in Winchester Properties, LLC, and any distributions to owners or proceeds from any sale thereof. Such property includes any and all equity interests and other interests which defendant has or may become entitled to as a result of any ownership interest in said entity, and any property, distributions, or monies coming due defendant through its interests in said entity, whether by reason of sale of any real or personal property or other items of value, including but not limited to intangible interests or licenses of any sort whatever.

    F.    The capital stock of CMM Equipment Company, Inc. and any distributions to owners or proceeds from any sale thereof. Such property includes any and all equity interests and other interests which defendant has or may become entitled to as a result of any ownership interest in said entity, and any property, distributions, or monies coming due defendant through its interests in said entity, whether by reason of sale of any real or personal property or other items of value, including but not limited to shares of stock, intangible interests, or licenses of any sort whatever.

    G.    The capital stock of CMI Investments, Inc. and any distributions to owners or proceeds from any sale thereof. Such property includes any and all equity interests and other interests which defendant has or may become entitled to as a result of any ownership interest in said entity, and any property, distributions, or monies coming due defendant through its interests in said entity, whether by reason of sale of any real or personal property or other items of value, including but not limited to shares of stock, intangible interests, or licenses of any sort whatever.

    H.    The capital stock of MHN Homes, Inc. and any distributions to owners or proceeds from any sale thereof. Such property includes any and all equity interests and other interests which defendant has or may become entitled to as a result of any ownership interest in said entity, and any property, distributions, or monies coming due defendant through its interests in said entity, whether by reason of sale of any real or personal property or other items of value, including but not limited to shares of stock, intangible interests, or licenses of any sort whatever.

    I.    Any and all assets described in the chart below:

| ASSET | ACCOUNT NUMBER | ADDRESS |
| --- | --- | --- |
| Bank account held at Comerica | 800036862 | |
| Bank account held at Merrill Lynch | 284-11Y33 | |
| Bank account held at Stockman's Bank | 100043306 | |
| Bank account held at Wells Fargo Bank | 2915486634 and 439001181 | |

| ASSET | ACCOUNT NUMBER | ADDRESS |
|---|---|---|
| Marketable Securities held at Deutsch Bank | 241982 | |
| Marketable Securities – Money Market held at 1st Discount Brokerage | 770-10370-17 RR43 | |
| Marketable Securities – Money Market & Equities held at Olympia Asset Management | 15418064, including 350 shares of New York Community Bancorp | |
| Note Receivable – CCM ESOP | | |
| Note Receivable – 131 Development | | |
| Note Receivable – Summit Ridge JV | | |
| Residence | | 4900 North Lake Boulevard Lake Tahoe, California |
| Residence | | 4904 North Lake Boulevard Lake Tahoe, California |
| Residence | | 1957 Rockwood Sacramento, California |
| Residence | | 1357 Shady Tree Lane Sacramento, California |

| ASSET | ACCOUNT NUMBER | ADDRESS |
|---|---|---|
| Residence | | 4151 Westporter<br>Sacramento, California 95826 |
| Residence | | 2004 Trailee<br>Roseville, California 95747 |
| Real estate consisting of 2 parcels; 40 acres with cattle lease | | Redding, California |
| Real estate Lot 107 | | 1431 Lodge View<br>Winchester/Sacramento, California |
| Real estate Lot 145 | | Winchester/Sacramento, California |
| Real estate Lot 152 | | 2631 Pinnacle View Drive<br>Winchester/Sacramento, California |
| Real estate Lot 152 | | 2631 Pinnacle View Drive<br>Winchester/Sacramento, California |
| Real estate, 16 acres | | Mangili Road<br>Calaveras County, California |
| Summit Ranch JV, 55 acres and 225 acres of water rights | | Park City<br>Utah |
| 40 acres of rural land (Tax ID 045-070-13) | | Shasta County, California |

WCCO\44993\739504.1

| ASSET | ACCOUNT NUMBER | ADDRESS |
|---|---|---|
| 46.75 acres of rural land (Tax ID 704-350-05) | | Shasta County, California |
| ~~[redacted]~~ | | |
| Oil wells | | Canadian, Grade and Woodward Counties, Oklahoma |