MARK A. CAMERON (Bar No. 100449)
 (e-mail: mac@msrlegal.com)
WILLIAM D. PAHLAND, JR. (Bar No. 215332)
 (e-mail: wdp@msrlegal.com)
MILLER STARR REGALIA
A Professional Law Corporation
1331 N. California Blvd., Fifth Floor
Post Office Box 8177
Walnut Creek, California  94596
Telephone:    925 935 9400
Facsimile:     925 933 4126

Attorneys for Plaintiff
WACHOVIA BANK, NATIONAL ASSOCIATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WACHOVIA BANK, NATIONAL ASSOCIATION,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>WINCHESTER PROPERTIES, LLC, a Delaware Limited Liability Company; WINCHESTER COUNTRY CLUB, LLC, a California Limited Liability Company; CLINTON C. MYERS; CLINTON C. MYERS, as the Trustee of the CLINTON CHARLES MYERS REVOCABLE TRUST Dated 03/07/89; MYERS HOMES OF CALIFORNIA, LLC, a Nevada Limited Liability Company; MYERS HOMES, INC., a California corporation; SECURITY SAVINGS BANK; a Nevada State Bank; and DOES 1 through 200, inclusive,<br><br>　　　　　　Defendants. | Case No.: 2:07-CV-02612-JAM-KJM<br><br>STIPULATION RE AMENDED PLEADINGS, RELATED MATTERS, AND ORDER<br><br>Case Filed:  December 5, 2007 |

　　　　　　IT IS HEREBY JOINTLY STIPULATED AND AGREED, among the parties to the above-captioned action, by and through their respective counsel of record, as follows:

　　　　　　WHEREAS, the parties consent, and submit to the Court that there is good cause, to allow the Plaintiff to amend its complaint, by filing that Amended Complaint, pursuant to

PDF created with pdfFactory trial version www.pdffactory.com

1  Federal Rule of Civil Procedure Rule 15(a)(2), and based on recent events, including but not
2  limited to the two non-judicial foreclosure Trustee's Sales that took place on May 21, 2008 in
3  Placer County California, in which real and personal properties owned by Winchester Country
4  Club, LLC and Winchester Properties, LLC ("Borrower Defendants"), were sold to the highest
5  credit bidder for $8,000,000 and $17,000,000, respectively; the turnover of the Winchester
6  Country Club golf course and clubhouse from a receiver to the new owner Winchester REO,
7  LLC; and the planned request for discharge of the receiver;

8  WHEREAS, events above have rendered moot some of the originally alleged
9  causes of action, and reduced the amount of damages sought by Plaintiff, such that the complaint
10 should be amended;

11 WHEREAS, pursuant to Federal Rule of Civil Procedure Rule 41(a), plaintiff is
12 willing and ready to voluntarily dismiss Borrower Defendants and Security Savings Bank,
13 without prejudice, from this action entirely, without said defendants being entitled to or awarded
14 any costs or legal fees or other precondition;

15 WHEREAS, pursuant to Federal Rule of Civil Procedure Rule 41(a) plaintiff is
16 willing and ready to dismiss the originally numbered causes of action in the original Complaint
17 for Judicial Foreclosure, Appointment of Receiver over the Winchester Properties LLC property,
18 and related Injunctive Relief, immediately and without prejudice, as to all parties;

19 WHEREAS, pursuant to Federal Rule of Civil Procedure Rule 41(a)(2) plaintiff
20 intends to dismiss without prejudice that originally numbered cause of action in the original
21 Complaint for Appointment of Receiver over the Winchester Country Club LLC property, but all
22 parties agree that it should be maintained until the Court, under Rule 66, approves dismissal and
23 determines the propriety of discharging the receiver, dependent upon a final accounting and
24 inventory from the receiver not yet finalized, plaintiff agreeing to dismiss said cause of action
25 without prejudice as to all parties promptly thereafter;

26 WHEREAS, Borrower Defendants hereby represent to the Court and plaintiff that
27 they shall continue to reasonably cooperate and provide to plaintiff as agent for Winchester REO
28 LLC any and all documents and things to which plaintiff is reasonably entitled in connection with

PDF created with pdfFactory trial version www.pdffactory.com

the non-judicial foreclosure Trustee Deeds Upon Sale without need of any new cause of action against them and without need of them remaining parties to the above Lawsuit, and that Borrower Defendants shall similarly cooperate reasonably with Receiver if and as required to effect the Receiver's final accounting and discharge;

WHEREAS, all parties are willing to jointly stipulate and agree that the Borrower Defendants be promptly dismissed without prejudice as parties, with court permission extended by Order below, so that Borrower Defendants shall retain the special right, as interested persons, to appear and file papers concerning the discharge of receiver and any questions Borrower Defendants may raise about the Receiver's final accounting and inventory;

WHEREAS, plaintiff is continuing to pursue in this litigation the remaining four "Guarantor Defendants", being CLINTON C. MYERS; CLINTON C. MYERS, as the Trustee of the CLINTON CHARLES MYERS REVOCABLE TRUST Dated 03/07/89; MYERS HOMES OF CALIFORNIA, LLC, a Nevada Limited Liability Company; and MYERS HOMES, INC., a California corporation, who all understand shall remain as defendants under the remaining and revised newly numbered "First" cause of action for Breach of Guaranty and shall have 20 days after entry of the Order below to respond to said Amended Complaint;

**Based on the foregoing and subject to court approval below:**

Borrower Defendants and Security Savings Bank may be dismissed without prejudice but may comment on aspects of Receiver's expected discharge request.  Borrower Defendants shall reasonably cooperate as they agreed above.  The complaint filed by Wachovia Bank, National Association on or about December 5, 2007, shall be amended and superseded by that "First Amended Complaint" attached to this Stipulation as Exhibit "A."

If no additional answers are filed by remaining Guarantor Defendants then prior answers and affirmative defenses to the original complaint shall stand as valid in connection with the Amended Complaint.  Guarantor Defendants may assert three new defenses, without leave of court, as provided in that Stipulation entered by the parties on July 31, 2008 and approved by the Court on August 4, as follow:  (1) Possible opening partial credit bid information and its effect, if any, upon the prices obtained at the two non-judicial foreclosure sales; (2) Possible guarantor

PDF created with pdfFactory trial version www.pdffactory.com

defenses base on California CCP § 580a; and (3) Whether Wachovia should have agreed to alter release terms for certain lots, all as related to events that have occurred since Guarantor Defendants filed their original Answer.  Any other new defenses will require additional leave of court.

All Parties consent to a turnover date of July 31, 2008 of the Winchester Country Club Property, by Douglas Wilson as Receiver, to new owner Winchester REO, LLC;

**SO STIPULATED**

Dated:  August ____, 2008          MENNEMEIER, GLASSMAN & STROUD LLP


By: _____
    Kenneth C. Mennemeier, Esq.
    Attorneys for Guarantor Defendants


Dated:  August ____, 2008          HOWARD RICE NEMEROVSKI CANADY FALK & RABKIN


By: _____
    William J. Lafferty, Esq.
    Attorneys for Borrower Defendants


Dated:  August ____, 2008          FULBRIGHT & JAWORSKI L.L.P


By: _____
    Robert W. Fischer, Jr., Esq.
    Attorneys for Security Savings Bank

PDF created with pdfFactory trial version www.pdffactory.com

1 | Dated: August ____, 2008						MILLER STARR REGALIA

													By: _____
													      Mark A. Cameron, Esq.
													      Attorneys for Wachovia Bank, N.A.

PDF created with pdfFactory trial version www.pdffactory.com

**ORDER**

Pursuant to the parties' request and stipulation, and good cause appearing therefor, the Court hereby: (a) notes the Parties' Stipulation above; (b) accepts and approves the voluntary dismissals without prejudice of defendants Winchester Properties, LLC, Winchester Country Club, LLC, and Security Savings Bank from this lawsuit as set forth above; (c) grants permission to Plaintiff to amend its complaint by filing the attached Amended Complaint; and (d) otherwise approves of the terms to which the Parties have agreed above and directs the Parties to comply therewith.

IT IS SO ORDERED.

Dated: August 19, 2008

/s/ John A. Mendez
HON. JOHN A. MENDEZ
UNITED STATES DISTRICT JUDGE

PDF created with pdfFactory trial version www.pdffactory.com