MARK A. CAMERON (Bar No. 100449)
  (e-mail: mac@msrlegal.com)
WILLIAM D. PAHLAND, JR. (Bar No. 215332)
  (e-mail: wdp@msrlegal.com)
MILLER STARR REGALIA
A Professional Law Corporation
1331 N. California Blvd., Fifth Floor
Post Office Box 8177
Walnut Creek, California 94596
Telephone:   925 935 9400
Facsimile:   925 933 4126

Attorneys for Plaintiff
WACHOVIA BANK, NATIONAL ASSOCIATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WACHOVIA BANK, NATIONAL ASSOCIATION,<br><br>            Plaintiff,<br><br>v.<br><br>WINCHESTER PROPERTIES, LLC, a Delaware Limited Liability Company; WINCHESTER COUNTRY CLUB, LLC, a California Limited Liability Company; CLINTON C. MYERS; CLINTON C. MYERS, as the Trustee of the CLINTON CHARLES MYERS REVOCABLE TRUST Dated 03/07/89; MYERS HOMES OF CALIFORNIA, LLC, a Nevada Limited Liability Company; MYERS HOMES, INC., a California corporation; SECURITY SAVINGS BANK; a Nevada State Bank; and DOES 1 through 200, inclusive,<br><br>            Defendants. | Case No.: 2:07-CV-02612-JAM-KJM<br><br>STIPULATION FOR RULING ON SUMMARY JUDGMENT MOTION AND ORDER THEREON<br><br>Case Filed: December 5, 2007 |

PDF created with pdfFactory trial version www.pdffactory.com

This matter came before the Court upon Plaintiff Wachovia Bank, N.A.'s motion for summary judgment. While the motion was pending, defendant C.C. Myers filed for protection under Chapter 7 of the United States Bankruptcy Code. Defendants Myers Homes, Inc. and Myers Homes of California, LLC did not oppose Wachovia's motion on the issues of liability.

The Court invited the parties to meet and confer regarding a form of order. The parties have done so. Plaintiff Wachovia Bank, N.A. ("Plaintiff"), on the one hand, and defendants Myers Homes, Inc. and Myers Homes of California, LLC (collectively "the Myers Homes Defendants"), by and through their counsel of record, hereby enter this "Stipulation for Ruling on Summary Judgment Motion and Order Thereon" (hereinafter "Stipulation") in connection with a summary judgment motion filed by Plaintiff on August 20, 2008 ("Summary Judgment Motion") in the above-captioned matter. By and through their counsel of record, Plaintiff and the Myers Homes Defendants hereby stipulate and agree as follows:

1. On August 20, 2008, Plaintiff filed a motion for summary judgment against C.C. Myers, C.C. Myers as the Trustee of the Clinton Charles Myers Revocable Trust Dated 03/07/89, Myers Homes, Inc., and Myers Homes of California, LLC (the "Myers Defendants"). Plaintiff sought judgment against the Myers Defendants in the amount of $42,458,036 through August 6, 2008, plus interest and legal fees, including daily interest accruing on and after August 6, 2008, at a daily rate of $9,831.89 until amounts due were paid.

2. In connection with its Summary Judgment Motion, Plaintiff contended that each of the following facts was undisputed, and neither the Clinton Charles Myers Revocable Trust nor the Myers Homes Defendants filed any papers to dispute Plaintiff's contentions, or to establish any genuine issue of material facts, concerning the following:

(i) On October 17, 2005, WINCHESTER PROPERTIES, LLC, a Delaware Limited Liability Company and WINCHESTER COUNTRY CLUB, LLC, a California Limited Liability Company ("Original Borrower Defendants") entered into an "Acquisition and Development Loan Agreement" (the "ADLA") and related notes and loan documents ("Loan Documents"). The ADLA authorized Plaintiff, as agent, to act on behalf of all

PDF created with pdfFactory trial version www.pdffactory.com

lenders under the ADLA from time to time (collectively the "Lenders") and, coupled with a written guaranty and following defaults under the ADLA, vested in Plaintiff the right to institute legal proceedings against, *inter alia*, the Original Borrower Defendants, and the Myers Defendants.  Plaintiff filed the above-captioned "Action" to enforce certain rights under the ADLA and related Loan Documents described below.

(ii)     The original commitment under the ADLA was $65,759,550 (the "Loan").  The purposes of the Loan were, inter alia, to provide funds requested by the Original Borrower Defendants to develop 119 lots and to refinance 38 lots, and to develop a clubhouse and golf course, in a housing development in Placer County, California.

(iii)    The Loan was evidenced by two promissory notes.  Each promissory note was secured by the same two deeds of trust.  The first promissory note, in the amount of $30 million, was dated October 17, 2005, and was executed and delivered by the Original Borrower Defendants as borrowers in favor of Plaintiff (the "Wachovia Note").

(iv)    The second promissory note, in the amount of $35,759,500, was dated October 17, 2005, and was executed and delivered by the Original Borrower Defendants as borrowers in favor of BankFirst (the "BankFirst Note").  The Wachovia Note and the BankFirst Note are hereinafter collectively referred to at times as the "Notes."  The Notes were each secured by the same two deeds of trust and fixture filing, each of which offered as security certain real property and personal property.

(v)     Plaintiff, as Agent, obtained consent of the Required Lenders, as defined in the ADLA, and was empowered to, among other things, take legal action against the Guarantor Defendants based upon their defaults under the Loan Documents.  Plaintiff remains the authorized Agent of assignee lender Winchester REO, LLC.

(vi)    Pursuant to the terms of the Loan Documents, as hereinafter defined, the Original Borrower Defendants, and each of them, agreed that if they defaulted under the Loan Documents, the entire unpaid balance and all principal and accrued interest due under the Loan Documents would, at the option of Plaintiff as Agent, become immediately due and

PDF created with pdfFactory trial version www.pdffactory.com

1  payable.  Plaintiff accelerated the Loan obligations on or about October 12, 2007 based on
2  existing Events of Default not timely cured prior thereto.
3                                  (vii)    On October 17, 2005, the Myers Defendants entered into a
4  "Completion and Payment Guaranty Agreement" (the "Guaranty") for the benefit of Plaintiff in
5  its capacity as agent for the Lenders, whereby the Myers Defendants agreed to guarantee the
6  Original Borrower Defendants' performance under the Loan Documents.  The ADLA, the Notes,
7  the Deeds of Trust, the Guaranty, related assignments, and other instruments and documents
8  executed in connection with the Loan, are collectively referred to as the "Loan Documents."
9                                  (viii)   Amounts borrowed by the Original Borrower Defendants
10 have accrued interest as set forth in the ADLA (the "Interest Rate").  The Original Borrower
11 Defendants were required to make recurring payments of certain interest for Loan Advances as
12 set forth in the ADLA.  Since on or about January 31, 2007, the Original Borrower Defendants
13 have defaulted on the Loan by, inter alia:  (1) failing to make timely MPR payments to reduce the
14 principal amounts borrowed as set forth in the Loan Documents; and (2) failing to make timely
15 interest payments as set forth in the Loan Documents ("Events of Default").
16                                  (ix)     Based on continuing Events of Default after expiration of
17 applicable notice periods, all outstanding Loan obligations were accelerated on October 12, 2007.
18 The Original Borrower Defendants again defaulted by failing to timely pay the accelerated Loan
19 obligations or any part thereof, including, inter alia, the third MPR due on October 17, 2007.
20                                  (x)      Following the occurrence of one or more Events of Default
21 under the Loan Documents, the Loan Documents provided Plaintiff with certain rights, including,
22 *inter alia*:  (1) The right to assert that all amounts remaining unpaid on the Loan would accrue
23 interest at the "Default Rate" which equals the Interest Rate plus five percent (5%); and (2) the
24 right to collect a late charge of five percent (5%) on all scheduled payments of principal and
25 interest not made within ten days of their date dues.  Plaintiff is entitled to recovery of Default
26 Rate interest after January 31, 2007.  Plaintiff is entitled to recovery of late charges of five
27 percent (5%) on recurring interest payments not timely made on and after February 10, 2007
28 (ADLA section 2.5).

WCCO\44993\753488.5                                         -4-                                             STIPULATION
                                                                                                 (No. 2:07-CV-02612-JAM-KJM)

PDF created with pdfFactory trial version www.pdffactory.com

(xi) As a result of the Myers Defendants' failure to pay Plaintiff the unpaid loan balance, Plaintiff filed the above-captioned action for breach of the Guaranty and subsequently brought a motion for Summary Judgment against all four of the Myers Defendants in the United States District Court Eastern District of California, as Case No. CV-02612JAM (the "Action").

(xii) On or about May 19, 2008, WREO was assigned Lenders' interests under the Loan Documents, including among others the Notes, Deeds of Trust, ADLA, and Guaranty. On or about May 21, 2008, in Placer County, California, the properties referenced in the Deeds of Trust, and securing the obligations of the Original Borrowers under the Notes, were duly foreclosed upon and sold by non-judicial foreclosure sales.

(xiii) The Winchester Country Club golf course property was acquired by WREO, as the highest bidder, for the opening credit bid price of $8,000,000. The Winchester residential lots securing Plaintiff's Notes were acquired by WREO, as the highest bidder, for the opening credit bid price of $17,000,000.

(xiv) At the time of the Trustee's Sales on May 21, 2008, the Original Borrower Defendants were indebted to the Plaintiff under the terms of the ADLA for the entire accelerated loan principal, interest, and all other sums legally collectible by Plaintiff under the Loan Documents, including but not limited to reasonable attorneys' fees, costs of suit, reasonable late charges, other costs, foreclosure costs, and other related sums.

(xv) Plaintiff acknowledges that after May 21, 2008, the Myers Defendants became entitled to a reduction of their Guaranty obligations in the total amount of the $25,000,000, that being the collective total of the two credit bids made on behalf of WREO at the Trustee's Sales. As of August 6, 2008 Plaintiff alleged that, pursuant to the terms of the ADLA and Guaranty, following the two Trustee's Sales and after the credit bid credits, the Myers Defendants owed Plaintiff $42,458,036.18, plus accruing interest and legal fees.

3. Certain of the Myers Defendants filed a response to the summary judgment motion in which they did not oppose the motion with respect to the issue of liability. They alleged instead that Guarantor CC Myers was protected by a bankruptcy filed on August 22,

PDF created with pdfFactory trial version www.pdffactory.com

2008; that the Myers Trust was terminated on August 18, 2008; and that the Myers Homes Defendants did not oppose the Summary Judgment Motion on the issue of liability, and contended that the amount due was approximately $13,000 less than the $42,458,036.18 that Plaintiff sought by its motion.

4.     For purposes of the Summary Judgment Motion as it pertains to the Myers Homes Defendants, Plaintiff is prepared to accept summary judgment in the sum of $42,445,036.18, plus accruing interest and attorneys' fees after August 6, 2008.

5.     In entering this Stipulation as to the Myers Homes Defendants, Plaintiff does not waive, and hereby expressly retains, all rights of recovery and claims to which Plaintiff may be entitled against any other persons or assets liable therefor, including but not limited to C.C. Myers and the Myers Trust to the extent that the bankruptcy of C.C. Myers does not resolve all such claims against C.C. Myers and the Myers Trust and settlors, assets, or beneficiaries thereof.

6.     The Myers Homes Defendants contend that, in light of the defendants' failure to oppose Plaintiff's motion, the Court may grant Plaintiff's motion to the extent agreed to herein but need not make findings and conclusions of law in doing so.  The Myers Homes Defendants further contend that, if the Court makes any such findings and conclusions, the effect of such findings should be limited to this motion and order.  Plaintiff contends such findings should be accorded the same legal force and effect as any other summary judgment ruling.

## STIPULATION TO JUDGMENT TERMS

In light of the foregoing Recitals, Plaintiff and the Myers Homes Defendants agree and stipulate to the terms and amount of a court money judgment ("Judgment") in favor of Plaintiff and against the Myers Homes Defendants as follows:

1.     The Myers Homes Defendants hereby agree that the Court may enter judgment against them in the amount of $42,445,036.18, plus interest and legal fees accruing after August 6, 2008, until judgment is paid.

2.     Plaintiff and the Myers Homes Defendants agree that, to avoid the necessity of post-judgment cost bills or motions concerning legal fees and costs, the amount of

costs and attorneys' fees to which Plaintiff is entitled through and including December 19, 2008 shall be set at $125,000.

3. Plaintiff and the Myers Homes Defendants agree that Plaintiff is entitled to daily prejudgment interest of $9,831.89 for each day after August 6, 2008, through the date judgment is entered and thereafter at the same daily rate until judgment amounts are paid. For purposes of the Judgment, presumed to be effective as of December 19, 2008 ("Judgment Date"), the parties agree that the Judgment amount shall include $42,445,036.18, plus 135 days of interest at $9,831.89 per day, or $1,327,305.15, plus $125,000 in legal fees, for a total judgment sum as of December 19, 2008, of $43,897,341.33 ("Judgment").

4. On and after December 19, 2008, interest will continue to accrue on the amount of the Judgment, as agreed in section 3.3 of the Guaranty. For future convenience, Plaintiff and the Myers Homes Defendants agree that post-Judgment interest will accrue at the rate of $9,831.89 per day until the Judgment is paid.

5. As to defendants C.C. Myers and the Clinton Charles Myers Trust dated 3/07/89, and as to enforcement of the Judgment, the Court is requested to retain jurisdiction over this matter until the bankruptcy stay is lifted or otherwise resolved.

Dated: December __, 2008

MENNEMEIER, GLASSMAN & STROUD LLP, counsel for CLINTON C. MYERS; CLINTON C. MYERS, as the Trustee of the CLINTON CHARLES MYERS REVOCABLE TRUST Dated 03/07/89; MYERS HOMES OF CALIFORNIA, LLC, a Nevada Limited Liability Company; MYERS HOMES, INC., a California corporation

By: _____

Its: _____

PDF created with pdfFactory trial version www.pdffactory.com

1 Dated: December __, 2008            MILLER STARR REGALIA

2

3

_____
MARK A. CAMERON
Attorneys for Plaintiff
WACHOVIA BANK, NATIONAL ASSOCIATION

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PDF created with pdfFactory trial version www.pdffactory.com

MARK A. CAMERON (Bar No. 100449)
 (e-mail: mac@msrlegal.com)
WILLIAM D. PAHLAND, JR. (Bar No. 215332)
 (e-mail: wdp@msrlegal.com)
MILLER STARR REGALIA
A Professional Law Corporation
1331 N. California Blvd., Fifth Floor
Post Office Box 8177
Walnut Creek, California  94596
Telephone:    925 935 9400
Facsimile:     925 933 4126

Attorneys for Plaintiff
WACHOVIA BANK, NATIONAL ASSOCIATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WACHOVIA BANK, NATIONAL ASSOCIATION,<br><br>            Plaintiff,<br><br>v.<br><br>WINCHESTER PROPERTIES, LLC, a Delaware Limited Liability Company; WINCHESTER COUNTRY CLUB, LLC, a California Limited Liability Company; CLINTON C. MYERS; CLINTON C. MYERS, as the Trustee of the CLINTON CHARLES MYERS REVOCABLE TRUST Dated 03/07/89; MYERS HOMES OF CALIFORNIA, LLC, a Nevada Limited Liability Company; MYERS HOMES, INC., a California corporation; SECURITY SAVINGS BANK; a Nevada State Bank; and DOES 1 through 200, inclusive,<br><br>            Defendants. | Case No.: 2:07-CV-02612-JAM-KJM<br><br><u>ORDER</u><br><br>Case Filed:  December 5, 2007 |

NOW THEREFORE this Court rules upon that Summary Judgment Motion filed by Plaintiff WACHOVIA BANK, NATIONAL ASSOCIATION on or about August 20, 2008 as follows:

In connection with that Summary Judgment Motion filed by Plaintiff on August 20, 2008 and based upon the moving papers, opposition papers, reply papers, and that Stipulation For Ruling on Summary Judgment Motion and Order Thereon above, and where Defendants MYERS HOMES OF CALIFORNIA, LLC, A Nevada Limited Liability Company, and MYERS HOMES, INC., a California corporation, have approved of this Order and the attached Judgment, the Court hereby:

(A) Grants the Summary Judgment Motion of WACHOVIA BANK as against MYERS HOMES INC. and MYERS HOMES OF CALIFORNIA LLC;

(B) Makes all of the findings of fact and conclusions of law set forth in the Stipulation above insofar as those matters were undisputed. It is understood that the parties reserve for themselves their respective positions about the legal force and extent of said findings and conclusions in other proceedings, if any, except as to the judgment amounts awarded;

(C) Declines to reach the Summary Judgment Motion as to C.C. MYERS on account of the automatic stay that took effect upon Mr. Myer's filing of a petition for relief under the United States Bankruptcy Code, which petition gave rise a case in the United States Bankruptcy Court, Eastern District of California, Sacramento Division, Case No. 08-31840-b-7; this is without prejudice to any right that Plaintiff may have to pursue its motion or claims in the future if they are not fully resolved in the proceedings before the Bankruptcy Court; and

(D) Stays the Summary Judgment Motion and the action as to the allegedly terminated CLINTON CHARLES MYERS REVOCABLE TRUST Dated 03/07/89, based upon the pending Myers bankruptcy, reserving jurisdiction until after the bankruptcy proceedings are resolved;

(E) Concurrently enters a separately captioned judgment, effective as of December 19, 2008, in favor of Plaintiff and final as against Defendants

PDF created with pdfFactory trial version www.pdffactory.com

1  MYERS HOMES OF CALIFORNIA, LLC, a Nevada limited liability
2  company, and MYERS HOMES, INC., a California corporation.
3  (F) IT IS SO ORDERED.

**Dated: January 5, 2009**         /s/ John A. Mendez
                                   **John A. Mendez**
                                   **United States District Court Judge**

PDF created with pdfFactory trial version www.pdffactory.com